*10-23314.rr*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 10-23314 CIV ALTONAGA/BROWN
Case No. 98-00015 CR ALTONAGA

JACINTO SALGUIERO BANOS,

    Petitioner,

vs.

UNITED STATES OF AMERICA,

    Respondent.
_____/

## REPORT AND RECOMMENDATION

This cause is before the Court on Defendant/Petitioner Jacinto Salguiero Banos's "Motion to Vacate Judgment and Sentence Pursuant to F.R.C.P. §2255". The Court has reviewed the Motion, the Response, and Petitioner's Memorandum of Law filed February 8, 2011 and is otherwise fully advised.

### Facts

On or about January 6, 1998, a Federal Grand Jury sitting in the Southern District of Florida returned a two count indictment against Petitioner, then a Cuban citizen residing in the United States, charging him with conspiracy to distribute a controlled substance in violation of 21 U.S.C. § 846 (Count 1) and with possession of a controlled substance in violation of 21 U.S.C. § 841(a)(1) (Count 2). Petitioner retained attorney Arnaldo Jesus Suri, Esq.

On May 7, 1998, Petitioner entered a change of plea before the Honorable Shelby Highsmith, and voluntarily changed his plea of not guilty to a plea of guilty to Count 1 of the indictment. Pursuant to 8 U.S.C. § 1227(a)(2)(B)(i), a conviction of this offense would render Petitioner

1

deportable. The transcript of the plea hearing is silent on the immigration consequences of the guilty plea.

On July 21, 1998, Petitioner was sentenced on Count 1 of the indictment to a term of imprisonment of 18 months, a term of supervised release of three years and a special assessment of $100.00; Count 2 was dismissed. The Revised PSI reveals that Petitioner was facing a statutory minimum mandatory penalty of no less than 5 years and no more than 40 years imprisonment on Count 1, but was deemed safety valve eligible and the Court imposed the lesser sentence of 18 months imprisonment pursuant to the sentencing guidelines (Revised PSI p. 9). The Petitioner also received a 3 level reduction for acceptance of responsibility as a result of the timely plea. (Revised PSI p. 5).

The Revised PSR further notes that Petitioner submitted a handwritten statement as "Acceptance of Responsibility", in which he stated, in pertinent part: "I hope that if I remain in the United States, I will prove that my activities do not reflect the total person that I am."

At the sentencing, the following colloquy took place:

> [JUDGE HIGHSMITH:] Let me pause to observe that it is my hope that this condition will not occur. However, if you are deported following your release from prison, you shall not re-enter the United States without the express permission of the Attorney General of the United States.
>
> Your term of supervised release shall be non-reporting if you are indeed deported and reside outside the United States. Again if you are deported during your term of supervised release and there should be occasion for you to re-enter the United States, you shall report to the nearest United States Probation Office within 72 hours of your arrival back in this country ...

Gov. Ex. 1:14-15.

Petitioner has completed his term of imprisonment as well as his three year term of supervised release. Petitioner has submitted an affidavit in which he states that he has been

deported, he "do[es] not qualify for a waiver to avoid deportation", and "also do[es] not qualify to become a legal permanent resident or a citizen." Pet. Aff. ¶ 10. Petitioner further states, *inter alia*,

> 8. My attorney at no time advised me that pleading guilty to this charge would certainly result in my deportation. In fact, my attorney told me not to worry because "Cubans never get deported."
>
> 9. Had I known that pleading guilty would result in my deportation, I never would have plead guilty. I would have insisted on going to trial.

Petitioner requests that the Court vacate his Judgment and Sentence pursuant to 28 U.S.C. §2255.

## Discussion

The Government correctly notes that because Petitioner is not currently in the custody of the United States, the provisions of 28 U.S.C. §2255 do not apply to him.[1] The Government acknowledges, however, that this Court may construe the Motion as a Petition for Writ of Error Coram Nobis pursuant to the All Writs Act, Title 28, U.S.C. § 1651(a). See, e.g., United States v. Babalola, 248 Fed. Appx. 409, 413-414 (3d Cir. 2007). The writ of coram nobis is "an extraordinary remedy of last resort available only in compelling circumstances where necessary to achieve justice." United States v. Mills, 221 F.3d 1201, 1203 (11th Cir. 2000), cert. denied, 531 U.S. 1144 (2001).

Petitioner relies on Padilla v. Kentucky, 130 S. Ct. 1473 (2010), in which the United States Supreme Court, reviewing a state post-conviction proceeding, held that a lawyer representing a non-citizen defendant in connection with a guilty plea has a constitutional duty to advise the defendant "whether his plea carries a risk of deportation." Id. at. 1486. In Padilla, the petitioner claimed that his attorney did not discuss with him the fact that his crime was a deportable offense, and in fact

---

[1] 28 U.S.C. §2255 provides for a motion by "[a] prisoner in custody." Because the provisions of this statute do not apply to Petitioner, his argument concerning timeliness under that statute is not applicable here. Moreover, it does not appear that the Government is challenging the timeliness of the motion.

advised him that he "did not have to worry about immigration status since he had been in the country so long." Id. at 1478 (citation omitted). The Court agreed with the petitioner that "constitutionally competent counsel would have advised him that his conviction for drug distribution made him subject to automatic deportation." Id. The Court further found that whether the petitioner was entitled to relief due to ineffective assistance of counsel depended on whether or not he could satisfy the second prong of Strickland v. Washington, 466 U.S. 668 (1984), which requires a showing that the deficient performance prejudiced the defense. Id. at 1483-84. The Court therefore remanded the case back to state court for that determination. Id. at 1487.

In order to obtain relief based on the Court's holding in Padilla, the first hurdle which Petitioner must cross is to establish that the rule announced in that case is "new rule" which is retroactively applicable to convictions under collateral attack. See Teague v. Lane, 489 U.S. 288 (1988). Both the Petitioner and the Government maintain that Padilla announced a "new rule." Assuming the truth of this proposition, the rule of Padilla will only apply retroactively on collateral review if it is a "'watershed rule[]' of criminal procedure implicating the fundamental fairness and accuracy of the criminal proceeding." Saffle v. Parks, 494 U.S. 484, 495 (1990) (quoting Teague, 489 U.S. at 313).

The Eleventh Circuit has not yet spoken on this issue. District courts are in disagreement as to whether Padilla falls into the category of a "watershed" rule. Compare Doan v. United States, Nos. 1:06cr463, 1:06cr525, 1:08cv958, 1:08cv959, 2011 WL 116811 (E.D. Va. Jan. 4, 2011) (noting that the rule of Padilla "has none of the primacy and centrality of the rule adopted in Gideon [v. Wainwright, 372 U.S. 335 (1963)]") (citing Beard v. Banks, 542 U.S. 406, 420 (2004))[2] with United States v. Hubenig, No. 6:03-mj-040, 2010 WL 2650625 (E.D. Cal. July 1, 2010). This Court finds

---

[2] In Gideon, the Supreme Court ruled that state courts must provide counsel for indigent criminal defendants.

4

that it need not resolve this conflict as to Petitioner's motion, in that in order to obtain relief based on a claim of ineffective assistance of counsel, Petitioner must also satisfy the second prong of Strickland, and he has failed to do so.

In order to establish prejudice based on a claim of ineffective assistance in connection with a guilty plea, "the defendant must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." Hill v. Lockhart, 474 U.S. 52, 59(1985). "In many guilty plea cases, the 'prejudice' inquiry will closely resemble the inquiry engaged in by courts reviewing ineffective-assistance challenges to convictions obtained through a trial." Id. The Court in Hill explained:

> For example, where the alleged error of counsel is a failure to investigate or discover potentially exculpatory evidence, the determination whether the error "prejudiced" the defendant by causing him to plead guilty rather than go to trial will depend on the likelihood that discovery of the evidence would have led counsel to change his recommendation as to the plea. This assessment, in turn, will depend in large part on a prediction whether the evidence likely would have changed the outcome of a trial. Similarly, where the alleged error of counsel is a failure to advise the defendant of a potential affirmative defense to the crime charged, the resolution of the "prejudice" inquiry will depend largely on whether the affirmative defense likely would have succeeded at trial. See, e.g., Evans v. Meyer, 742 F.2d 371, 375 (CA 7 1984) ("It is inconceivable to us ... that [the defendant] would have gone to trial on a defense of intoxication, or that if he had done so he either would have been acquitted or, if convicted, would nevertheless have been given a shorter sentence than he actually received").

Id. at 59.

Here, Petitioner has only submitted an affidavit in which he states that had he been advised that pleading guilty would result in his deportation, he would not have plead guilty and would have gone to trial. The Government counters this assertion by noting in its Response that Petitioner was facing a statutory five year minimum mandatory sentence as to Count 1, without any provision for reduction for acceptance of responsibility, and the presumption of mandatory deportation would still

apply. Petitioner admitted to the facts underlying the offense, and has offered no possible defense which may have resulted in his being convicted of a lesser offense or his being acquitted at trial. Petitioner has not contested these contentions in his reply memorandum.

In viewing Petitioner's situation objectively, as is required by Hill, the Court agrees that Petitioner has made an insufficient proffer of prejudice to warrant an evidentiary hearing. See Tahamtani v. Lankford, 846 F.2d 712, 714 (11th Cir. 1988) (rejecting petitioner's ineffective assistance claim, in part, because the petitioner "has never contended that he was innocent of the crimes charged, nor has he offered any potentially meritorious defense"); Park v. United States, 222 Fed.Appx. 82, 84 (2d Cir. 2007)(finding writ of error coram nobis properly denied where "even had he been aware of the immigration consequences of a plea, Park would nonetheless have been faced with the strong likelihood of conviction at trial. He would also have been aware that such a conviction would trigger the same deportation consequences and would probably result in a longer sentence."); United States v. Babalola, 248 Fed. Appx. at 413-414; United States v. Minhas, No. Nos. 4:94cr4046-WS, 4:06cv227-WS, 2008 WL 239079, at **13-14 (N.D. Fla. Jan. 28, 2008).[3]

### Recommendation

Accordingly, the undersigned respectfully recommends that the Motion be **DENIED**.

---

[3]The Government suggests that Petitioner was aware that there may some deportation consequences attached to his plea, as evidenced by his pre-sentencing letter and the statement made by the sentencing Judge. Reading Petitioner's letter in a light most favorable to him, as this Court must, his reference to remaining in the United States could equally have referred to his own decision to remain in the United States, not a forced deportation. As to the Court's statement, even if we accept that Petitioner was put "on notice" of the possibility of deportation being a consequence of his plea agreement, Petitioner alleges that counsel told him "not to worry" because "Cubans never get deported." In Padilla, in finding that counsel had an affirmative duty to advise the petitioner as to the immigration consequences of his plea, the Court emphasized the fact that the deportation language concerning the charge at issue there, as here, indicated that "deportation was presumptively mandatory." 130 S. Ct. at 1483. The Court finds that the sentencing Judge's statement to Petitioner did not adequately convey this concept such as to foreclose Petitioner's claim on this basis alone.

The parties have fourteen (14) days from the date of this Report and Recommendation within which to serve and file written objections, if any, with the Honorable Cecilia M. Altonaga, United States District Judge for the Southern District of Florida. Failure to file objections timely shall bar the parties from attacking on appeal the factual findings contained herein. LoConte v. Dugger, 847 F.2d 745 (11th Cir. 1988), cert. denied, 488 U.S. 958 (1988).

**DONE AND ORDERED** this 14th day of February, 2011 at Miami, Florida.

STEPHEN T. BROWN
CHIEF U.S. MAGISTRATE JUDGE

cc: Honorable Cecilia M. Altonaga
counsel of record